ORIGINAL

IN COMPUTER

FILED

2021 MAR 19 PM 2: 15

BRANDEN C. MEYER
CLERK OF COURTS
FAIRFIELD CO. OHIO

IN THE COURT OF COMMON PLEAS
FAIRFIELD COUNTY, OHIO

CHERYL SHEETS,
515 Hocking Street Apartment B
Lancaster, Ohio 43130

    Plaintiff,

vs.

SHERIFF ALEX LAPE,
*In his individual and official capacities as Sheriff of Fairfield County, Ohio,*
c/o Fairfield County Sheriff's Office,
345 Lincoln Avenue
Lancaster, Ohio 43130

    *and*

THE COUNTY OF FAIRFIELD,
c/o Carrie Brown, County Administrator,
210 East Main Street #301
Lancaster, Ohio 43130

    *and*

BOARD OF COMMISSIONERS OF
THE COUNTY OF FAIRFIELD,
*In their official capacities,*
c/o Steve Davis, Commissioner,
210 East Main Street #301
Lancaster, Ohio 43130

    *and*

DEPUTY MARTY NORRIS,
*In his individual capacity,*
c/o Fairfield County Sheriff's Office,
345 Lincoln Avenue
Lancaster, Ohio 43130

    Defendants.

CASE NO.: 21CV 101

JUDGE: JUDGE BERENS

**COMPLAINT**
Civil Rights (42 U.S.C. 1983)

*(Jury Demand Endorsed Hereon)*

Plaintiff Cheryl Sheets, through counsel, respectfully states as her Complaint against Defendants Sheriff Alex Lape, in his official capacity; the County of Fairfield; the Board of Commissioners of Fairfield County, Ohio, in their official capacities; and Deputy Marty Norris, in his individual and official capacities, the following:

## I. INTRODUCTION

1. This case arises from unjustified and unlawful use of force against a 64-year-old disabled woman by Deputy Marty Norris of the Fairfield County Sheriff's Office.

2. On September 18, 2019, Defendant Deputy Marty Norris violated Ms. Sheets' constitutional rights by exerting unlawful force against her, resulting in serious and lasting injury.

3. Ms. Sheets brings this action for violation of her rights under the United States and Ohio Constitutions and for negligent infliction of emotional distress.

## II. JURISDICTION AND PARTIES

4. Plaintiff Cheryl Sheets is, and at all times relevant to the events described in this Complaint was, an individual residing in Fairfield County, Ohio, and a citizen of the United States of America.

5. Defendant Sheriff Alex Lape is, and at all times relevant to the events described in this Complaint was, a resident of Fairfield County, Ohio. At all such times he is and was employed by the Fairfield County Sheriff's Office ("FCSO"). He is a "person" under the meaning of 42 U.S.C. 1983 and is sued in both his individual and official capacities. Along with Defendant County of Fairfield and Defendant Board of Commissioners of Fairfield County, Ohio, he is hereafter referred to as a "County Defendant."

6. Defendant County of Fairfield is a political subdivision located in Fairfield County, Ohio. It is a "person" under the meaning of 42 U.S.C. 1983. Along with

Defendant Sheriff Lape and Defendant Board of Commissioners of Fairfield County, Ohio, it is hereafter referred to as a "County Defendant."

7. Defendant Board of Commissioners of Fairfield County, Ohio, is a political subdivision located in Fairfield County, Ohio. It is a "person" under the meaning of 42 U.S.C. 1983. Along with Defendant Sheriff Lape and County of Fairfield, it is hereafter referred to as a "County Defendant."

8. Defendant Sheriff's Deputy Marty Norris is, and at all times relevant to the events described in this Complaint was, a resident of Fairfield County, Ohio. At all such times he is and was employed by FCSO. He is a "person" under the meaning of 42 U.S.C. 1983 and is sued in both his individual and official capacities.

9. This Court has jurisdiction over this matter pursuant to R.C. 2305.01.

10. On information and belief, all or some of the County Defendants were responsible for establishing policies, procedures, and training methods for the Fairfield County Sheriff's Office.

11. Venue is proper under Civ.R. 3(B)(1), (2), (3), (4), and (6).

### III. FACTUAL BACKGROUND

12. On September 18, 2019, Ms. Sheets was home alone at her apartment at 515 Hocking Street in the City of Lancaster, County of Fairfield, State of Ohio.

13. On the date in question, Cheryl Sheets was 64 years in age.

14. She is a small woman, 5'3" in height.

15. Defendant Deputy Norris is at least eight inches taller than her and weighs over 200 pounds.

16. Two FCSO deputies came to her apartment and inquired about the location of Ms. Sheets' then-boyfriend, Pierce Boyd.

3

17. They asked to be let in to the apartment. Ms. Sheets allowed them in without dispute.
18. The deputies began searching through Ms. Sheets' property, including under her bed.
19. Ms. Sheets' apartment had had bed bugs, so she had a small spray bottle of alcohol and peppermint oil that she showed to the deputies, suggesting they use it.
20. Deputy Norris accused Ms. Sheets of touching him.
21. He grabbed her, threw her on her bed, and twisted her arm behind her back with significant force.
22. He did not give her verbal commands about what he wanted her to do or how to avoid the injury that was imminent.
23. According to the police report, in Deputy Norris' own words, "I felt Ms. Sheets [*sic*] arm pop."
24. In fact, Deputy Norris broke Ms. Sheets' elbow so severely that surgery was required, and Ms. Sheets will never recover a full range of motion.
25. Ms. Sheets experienced excruciating pain and sustained physical injuries and emotional injuries.
26. Ms. Sheets experiences pain to this day.
27. Charges were brought against Ms. Sheets for falsification and obstructing official business. She pleaded guilty to falsification,[1] and the charge of obstructing official business was dismissed.
28. Although the police report identified resisting arrest as an offense, no one ever charged Ms. Sheets with resisting arrest.

---

[1] The falsification charge arose from Ms. Sheets' misstating her boyfriend's whereabouts.

4

29. In fact, she did not resist at all, and she presented no threat whatsoever to the deputies.

## IV.   FIRST CAUSE OF ACTION
**Violation of the Fourth Amendment to the United States Constitution**
(*Against All Defendants*)

30. Ms. Sheets re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

31. Defendant Deputy Norris misused his authority under color of law and used force against Ms. Sheets without justification. He violated her right to be free from unreasonable seizure under the Fourth Amendment to the United States Constitution.

32. This use of force was unreasonable and violated Ms. Sheets' rights because Ms. Sheets never threatened or attempted to harm him or the other deputies; did not pose an immediate threat to any other individual; and was not actively or aggressively resisting.

33. The County Defendants adopted a policy on use of force that led to the use of force against Ms. Sheets.

34. The County Defendants ratified a custom and practice of unlawful and unauthorized use of force, thereby giving it the weight of official policy.

35. The County Defendants are liable because their policies led to the violation of Ms. Sheets' rights.

36. The County Defendants also failed to properly train or supervise Deputy Norris in the use of force.

37. These actors acted with deliberate indifference to Ms. Sheets' rights.

38. These acts and omissions actually and proximately caused damage to Ms. Sheets.

39. The Defendants are liable, and Ms. Sheets is entitled to recover, under 42 U.S.C. 1983.

## V. SECOND CAUSE OF ACTION
### Violation of Article I, Section 14 of the Ohio Constitution
*(Against All Defendants)*

40. Ms. Sheets re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

41. The same facts underlying the First Cause of Action represent a violation of Ms. Sheets' rights under Article I, Section 14 of the Ohio Constitution.

42. These acts and omissions actually and proximately caused damage to Ms. Sheets.

## VI. THIRD CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
*(Against Defendant Deputy Norris)*

43. Ms. Sheets re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

44. Defendant Deputy Norris engaged in conduct so extreme and outrageous as to extend beyond the bounds of decency. This conduct is intolerable in a civilized society.

45. He should have known that his conduct would cause serious emotional distress to Ms. Sheets.

46. He acted with malice, wantonness, and recklessness.

47. His conduct did actually and proximately cause serious emotional distress to Ms. Sheets.

## VII. JURY DEMAND

48. Ms. Sheets demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Ms. Sheets respectfully asks this Court for the following:

A. Compensatory damages in an amount exceeding $25,000;

B. Punitive damages in an amount exceeding $25,000;

C. Reasonable attorney fees, as allowed by law;

D. Costs associated with this action; and

E. Such other further relief as this Court deems just and proper, and any other relief as allowed by law.

Respectfully submitted,

Rebecca J. Sremack #0092313
Sremack Law Firm LLC
2745 South Arlington Road
Akron, Ohio 44312
Office: 330.644.0061
Fax: 330.644.0061
info@sremacklaw.com

Billi Copeland King (0083422)
Billi Copeland King, Law Office
282 Ashford Drive
Copley, Ohio 44321
Telephone: (330) 990-4911
info@billicopeland.com

*Attorneys for Cheryl Sheets*