THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Cheryl Sheets | : | |
| | : | Case No. 2:21-cv-01810 |
| Plaintiff, | : | |
| v. | : | Judge Edmund A. Sargus |
| | : | Magistrate Judge Chelsey M. Vascura |
| Sheriff Alex Lape, *et al.* | : | |
| | : | ***Jury Demand Endorsed Heron*** |
| Defendants. | : | |

**ANSWER OF DEFENDANTS SHERIFF ALEX LAPE, THE COUNTY OF FAIRFIELD, BOARD OF COMMISSIONERS OF THE COUNTY OF FAIRFIELD, AND DEPUTY MARTY NORRIS TO PLAINTIFF'S COMPLAINT**

Now come Defendants, Sheriff Alex Lape, the County of Fairfield (Ohio), Board of Commissioners of the County of Fairfield, and Deputy Marty Norris, by and through counsel, and for their answer to Plaintiff's Complaint herein state as follows:

1. The answering Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. The answering Defendants deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. As to paragraph 3 of Plaintiff's Complaint, the answering Defendants aver that the allegations state conclusions, without asserting facts, to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4. The answering Defendants deny for want of knowledge the allegations contained in paragraph 4 of Plaintiff's Complaint.

FD AR | FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

5. As to paragraph 5 of Plaintiff's Complaint, the answering Defendants admit that Sheriff Alex Lape is a resident of Fairfield County, Ohio and the duly elected sheriff of Fairfield County, Ohio. Further answering, Defendants aver that the remaining allegations contained in paragraph 5 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 5 of Plaintiff's Complaint.

6. As to paragraph 6 of Plaintiff's Complaint, the answering Defendants admit that Fairfield County, Ohio is a political subdivision of the State of Ohio. The answering Defendants aver that the remaining allegations contained in paragraph 6 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7. As to paragraph 7 of Plaintiff's Complaint, the answering Defendants admit that Fairfield County, Ohio is a political subdivision of the State of Ohio and is governed by a Board of Commissioners in accordance with Ohio law. The answering Defendants aver that the remaining allegations contained in paragraph 7 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8. As to paragraph 8 of Plaintiff's Complaint, the answering Defendants admit that Deputy Marty Norris is a resident of Fairfield County, Ohio and employed with the Fairfield County Sheriff's Office. The answering Defendants aver that the remaining allegations contained in paragraph 8 of Plaintiff's Complaint state legal conclusions to which no response is required.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

2

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

To the extent a response is required, the answering Defendants deny the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9. As to paragraph 9 of Plaintiff's Complaint, the answering Defendants aver that the allegation states a legal conclusion to which no response is required. To the extent a response is required, the answering Defendants deny the allegation contained in paragraph 9 of Plaintiff's Complaint.

10. As to paragraph 10 of Plaintiff's Complaint, the answering Defendants admit that certain powers and responsibilities are vested in the duly elected Sheriff of Fairfield County, Ohio. The answering Defendants deny any remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11. As to paragraph 11 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny the allegations contained in paragraph 11 of Plaintiff's Complaint.

12. The answering Defendants deny for want of knowledge the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. The answering Defendants admit the allegation contained in paragraph 13 of Plaintiff's Complaint.

14. The answering Defendants deny for want of knowledge the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. The answering Defendants deny for want of knowledge the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. As to paragraph 16 of Plaintiff's Complaint, the answering Defendants admit that "[t]wo FCSO deputies came to [Plaintiff's] apartment and inquired about the location of" Boyd Pierce. The answering Defendants deny for want of knowledge any remaining allegations contained in paragraph 16 of Plaintiff's Complaint.

17. As to paragraph 17 of Plaintiff's Complaint, the answering Defendants admit deputies "asked to be let in to the apartment" and several minutes later "Ms. Sheets allowed them in." The answering Defendants deny for want of knowledge any remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18. As to paragraph 18 of Plaintiff's Complaint, the answering Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants admit that deputies looked "through Ms. Sheets' property, including under her bed." The answering Defendants deny for want of knowledge any remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

19. As to paragraph 19 of Plaintiff's Complaint, the answering Defendants deny that Plaintiff showed the deputies "a small spray bottle . . . suggesting they use it." The answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 19 of Plaintiff's Complaint.

20. As to paragraph 20 of Plaintiff's Complaint, the answering Defendants admit that Deputy Norris addressed Ms. Sheets "touching him." The answering Defendants deny for want of knowledge any remaining allegations contained in paragraph 20 of Plaintiff's Complaint.

21. The answering Defendants deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law

4

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

22. The answering Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. As to paragraph 23 of Plaintiff's Complaint, the answering Defendants aver that the allegations reference material not attached to the Complaint, in contravention of Fed. R. Civ. P. 10(c). To the extent the allegations contained in paragraph 23 of Plaintiff's Complaint reference material maintained by the Fairfield County Sheriff's Office, such material speaks for itself.

24. The answering Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. The answering Defendants deny for want of knowledge the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. The answering Defendants deny for want of knowledge the allegation contained in paragraph 26 of Plaintiff's Complaint.

27. The answering Defendants admit the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. As to the allegations contained in paragraph 28 of Plaintiff's Complaint, the answering Defendants admit that the Ohio Uniform Incident Report lists the offence of "resisting arrest" and Plaintiff was not charged by the prosecution with "resisting arrest." The answering Defendants deny or deny for want of knowledge any remaining allegations contained in paragraph 28 of Plaintiff's Complaint.

29. The answering Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. The answering Defendants deny each and every allegation contained in paragraph 30 of Plaintiff's Complaint not specifically admitted herein as true.

31. The answering Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. The answering Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. As to paragraph 33 of Plaintiff's Complaint, the answering Defendants admit that a "policy on the use of force" was adopted. The answering Defendants aver that the remaining allegations contained in paragraph 33 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the remaining allegations contained in paragraph 33 of Plaintiff's Complaint.

34. The answering Defendants deny the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. The answering Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. The answering Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. The answering Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. The answering Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. The answering Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. The answering Defendants deny each and every allegation contained in paragraph 40 of Plaintiff's Complaint not specifically admitted herein as true.



41. The answering Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42. The answering Defendants deny the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. The answering Defendants deny each and every allegation contained in paragraph 43 of Plaintiff's Complaint not specifically admitted herein as true.

44. The answering Defendants deny the allegations contained in paragraph 44 of Plaintiff's Complaint.

45. The answering Defendants deny the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. The answering Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. The answering Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. As to paragraph 48 of Plaintiff's Complaint, the answering Defendants aver that the allegation states a conclusion, without asserting facts, to which no response is required. To the extent a response is required, the answering Defendants deny for want of knowledge the allegation contained in paragraph 48 of Plaintiff's Complaint.

49. The answering Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein as true.

## FIRST DEFENSE

50. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law
7
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## SECOND DEFENSE

51. Plaintiff's conduct, in whole or in part, bars Plaintiff's claims for relief.

## THIRD DEFENSE

52. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of consent.

## FOURTH DEFENSE

53. Plaintiff's claims may be barred, in whole or in part, by a failure to mitigate.

## FIFTH DEFENSE

54. Plaintiff's claims are barred because Plaintiff assumed the risk of the injuries that are alleged to exist.

## SIXTH DEFENSE

55. Plaintiff is barred from relief due to the extent and degree of her negligence.

## SEVENTH DEFENSE

56. Plaintiff's claims are barred against the answering Defendants because the alleged injuries and/or damages were proximately caused by the sole, contributory, or comparative negligence of Plaintiff and/or others not presently known to the answering Defendants.

## EIGHTH DEFENSE

57. Plaintiff's claims are barred against the answering Defendants because the answering Defendants did not proximately cause any injury to Plaintiff.

## NINTH DEFENSE

58. Plaintiff's claims may be barred by her failure to join any party or parties under Rule 19 and/or 19.1

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law
8
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## TENTH DEFENSE

59. The answering Defendants are entitled to immunity, including statutory, absolute, and qualified immunity, and also immunity from punitive damages.

## ELEVENTH DEFENSE

60. Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against the answering Defendants.

## TWELFTH DEFENSE

61. To the extent Plaintiff seeks punitive damages or exemplary damages against the answering Defendants, an award of those types is contrary to the United States and Ohio Constitutions, as well as federal and state statutes, and is therefore not available to Plaintiff.

## THIRTEENTH DEFENSE

62. Plaintiff's claims for punitive damages cannot be sustained because the conduct of the answering Defendants did not show complete indifference to or conscious disregard for the safety of others.

## FOURTEENTH DEFENSE

63. Plaintiff's claims against the answering Defendants are expressly subject to, barred, or limited by provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

## FIFTEENTH DEFENSE

64. Plaintiff is barred from relief because the answering Defendants acted in good faith.

## SIXTEENTH DEFENSE

65. Plaintiff is barred from relief because the answering Defendants acted lawfully at all times.


FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

9

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

### SEVENTEENTH DEFENSE

66. Plaintiff's claims for damages may be barred, in whole or in part, by prior to, subsequent intervening, or superseding acts, omissions, or causes, and/or by the acts or omissions of individuals or entities over whom these answering Defendants had no control or right of control.

### EIGHTEENTH DEFENSE

67. The answering Defendants are entitled to a setoff of damages and/or limitation of damages pursuant to federal and state statutes.

### NINETEENTH DEFENSE

68. Plaintiff has or may have failed to exhaust all administrative remedies.

### TWENTIETH DEFENSE

69. Plaintiff's claims may be barred, in whole or in part, by a lack of capacity and/or standing to seek the relief for which she prays, or because this matter as brought is non-justiciable.

### TWENTY-FIRST DEFENSE

70. Plaintiff's claims may be barred by the applicable statute(s) of limitations.

### TWENTY-SECOND DEFENSE

71. The answering Defendants hereby give notice that they intend to rely upon and utilize any other affirmative defense or defenses that might become available or apparent during the course of discovery and hereby reserve the right to amend this Answer to assert such defense or defenses.

**WHEREFORE**, Defendants, Sheriff Alex Lape, the County of Fairfield, Board of Commissioners of the County of Fairfield, and Deputy Marty Norris, demand that Plaintiff's claims against them be dismissed in their entirety and with prejudice.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law

10

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

Respectfully Submitted,

s/ Daniel T. Downey
Angelica M. Jarmusz (0092249)
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Pkwy, Suite 200
New Albany, Ohio 43054
(614) 221-1216 – Telephone
(614) 221-8769 – Fax
ajarmusz@fisheldowney.com
ddowney@fisheldowney.com
*Attorneys for Defendants Sheriff Alex Lape, the County of Fairfield, Board of Commissioners of the County of Fairfield, and Deputy Marty Norris*

## JURY DEMAND

Defendants hereby demand a trial by jury on all issues herein triable.

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Defendants Sheriff Alex Lape, the County of Fairfield, Board of Commissioners of the County of Fairfield, and Deputy Marty Norris*

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law
11
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing *Answer of Defendants Sheriff Alex Lape, the County of Fairfield, Board of Commissioners of the County of Fairfield, and Deputy Marty Norris to Plaintiff's Complaint* was filed electronically through the Court's system this 19th day of April 2021. A true and accurate copy of the foregoing filing has been electronically served upon Plaintiff's counsel this 19th day of April 2021, with regular U.S. Mail to follow.

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Defendants Sheriff Alex Lape, the County of Fairfield, Board of Commissioners of the County of Fairfield, and Deputy Marty Norris*

**FISHEL DOWNEY ALBRECHT & RIEPENHOFF** LLP™
Attorneys at Law

12

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com